Mr. Justice Pkay
delivered the opinion of the court.
This is an appeal from the circuit court of the county of Claiborne.
The first error assigned is, that the court below rejected the written depositions of Orville Shelby, Pietro Andras, Miss Do Licit, Brígida Dulcet, Feriibro Valdez and Manuel Minos, which were offered by the appellant as evidence.
*733 The statute authorises parties litigant, under certain circumstances, to take the written depositions of witnesses, and read them in evidence on the trial of an issue of fact in a court of law. This is a right which did not exist at common law; and as this statute is in derogation of the rules of that law, it must he construed strictly, and all its provisions rigidly complied with.
■ The statute requires as a preliminary step, that the party designing to take the deposition of any witness, absent from or residing without the limits and jurisdiction of this state, shall make oath of such absence or residence, and that he believes the testimony of the witness to be material to his claim or defence. It further requires that the party applying for a commission to take such testimony shall file his interrogatories in the clerk’s office and serve the opposite party with a copy, and also a notice of the day on which such commission will issue, at least ten days before the same shall issue.
It is proper now to inquire whether these preliminary steps have been taken in the case before us. The affidavit in relation to the residence and materiality of the testimony of Orville Shelby is in the following words: “Volney Stamps, the agent and attorney for the plaintiff, Charles G. Saunders, makes oath he . believes the testimony of Orville Shelby is material for .the plaintiff in prosecuting his suit with effect; and this affirmant further says that the witness, Orville Shelby, resides out of the limits of this state, in the state of Tennessee, in the county of Sumner.” ■
Every affidavit, taken in the progress of any suit, must bear upon its face, either at the commencement of it or in its body, the title of the suit in which it is taken, and to the proceedings of which it is intended to apply; and whenever an officer is confined in the execution of his duties to a particular district or county, all his official acts must show upon their face, that they were performed within such district or county.
In both these particulars this affidavit is defective. It would as well apply to any other case, where Charles G. Saunders was plaintiff, as to this; and for aught that appears, is as> likely to have been taken in any other county as in Claiborne.
We find no evidence in this record, that the interrogatories *734 which were to be propounded to the witness, were ever served on the opposite party as the statute requires; or that any notice was given him of the time at which the commission would issue to take their answers. These defects alone amply justify the court below in rejecting the depositions.
The affidavit upon which the commission issued to take the testimony of Brígida Dulcet has the same defects as the one before set forth; and although the interrogatories were served on the attorney of the defendant, yet no notice appears to have been given of the time at which the commission would issue to take her deposition. This testimony was, therefore, properly réjected.
There appears to have been no affidavit of the non residence or materiality of the witnesses Pietro Andras, Miss Doucit, Ferribro Valdez and Manuel. Minos, nor is there any evidence that tlie other requisitions of the statute were complied with, but on the contrary some of the depositions appear to have been taken without any commission and before the institution of this suit in the court below.
We have only noticed a few of the many defects in relation to the taking of these depositions, but we have noticed enough to satisfy our minds,'that they were all properly rejected. We are also satisfied that the defects here pointed out could not have been cured by any subsequent amendments on the trial, or by parol evidence.
The judgment of the court below must be affirmed with costs.
Judge Shamey, having been concerned as counsel, gave no opinion.